

U.S. Department of Justice

United States Attorney
Western District of Pennsylvania

*Joseph F. Weis, Jr. U.S. Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*           *412/644-3500*

January 29, 2026

Jake D. Morrison, Esquire
Federal Public Defender | Western District of Pennsylvania
1001 Liberty Ave., Suite 1500, Pittsburgh, PA 15222

Re:   United States of America v.
      Luis Rojas Cay
      Criminal No. 24-111

Dear Mr. Morrison:

This letter sets forth the agreement by which your client, Luis Rojas Cay, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Luis Rojas Cay and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Luis Rojas Cay will be sentenced under the Sentencing Reform Act, 18 U.S.C. § 3551, et seq. and 28 U.S.C. § 991, et seq. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

      A.    The defendant, Luis Rojas Cay, agrees to the following:

          1.    The defendant will enter a plea of guilty to Counts One and Two of the Indictment at Criminal No. 24-111, charging the defendant with violating 18 U.S.C. § 922(g)(1) and 49 U.S.C. § 46505(b)(2), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

**LIMITED OFFICIAL USE**

2. The defendant will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 924, including but not limited to the following: a Glock, Model 17, 9 mm semiautomatic handgun bearing serial number BDFP109; a Glock, Model 23, 40 SW caliber semiautomatic handgun bearing serial number CBYD967; a Glock, Model 19x, 9mm semiautomatic handgun bearing serial number AHGC560; and approximately 204 rounds of 9mm ammunition.

3. The defendant acknowledges that the above-described property is a firearm and/or ammunition involved in or used in the knowing violation of the offenses charged at Counts One and Two.

4. The defendant acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and the defendant herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

5. If the Court imposes a fine or restitution as part of a sentence of incarceration, Luis Rojas Cay agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of the defendant's prison salary will be applied to pay the fine or restitution.

6. At the time Luis Rojas Cay enters the defendant's plea of guilty, the defendant will deposit a special assessment of $200 in the form of cash, check, or money order payable to "Clerk, U.S. District Court." In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

7. Luis Rojas Cay waives any former jeopardy or double jeopardy claims the defendant may have in or as a result of any related civil or administrative actions.

8. Luis Rojas Cay waives the right to take a direct appeal from the defendant's conviction or sentence under 28 U.S.C. § 1291 or 18 U.S.C. § 3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Luis Rojas Cay may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Luis Rojas Cay may take a direct appeal from the sentence.

Page 3

>   Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking the defendant's conviction or sentence and the right to file any other collateral proceeding attacking the defendant's conviction or sentence.
>
>   Nothing in the foregoing waivers of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law. The defendant understands that the government retains its right to oppose any such claim on procedural or substantive grounds.
>
> 9.  In the event the judgment of conviction and sentence entered as a result of this plea agreement does not remain in full force and effect for any reason, the government may reinstate any charges dismissed or reduced pursuant to this plea agreement. In the event of reinstatement, the defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.

B.  In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania, agrees to the following:

> 1.  The United States retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Luis Rojas Cay in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence, including victim impact.
>
> 2.  The United States agrees to recommend a two-level downward adjustment for acceptance of responsibility and, pursuant to U.S.S.G. § 3E1.1(b), to move for an additional one-level adjustment. However, if at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set forth in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and/or motion.
>
> 3.  The United States will take any position deemed appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.  Luis Rojas Cay and the United States Attorney, further understand and agree to the following:

> 1.  The penalty that may be imposed upon Luis Rojas Cay at Count One is:
>
>     (a)  A term of imprisonment of not more than 15 years;

Page 4

    (b)    A fine of not more than $250,000;

    (c)    A term of supervised release of not more than 3 years; and

    (d)    A special assessment under 18 U.S.C. § 3013 of $100.

2. The penalty that may be imposed upon Luis Rojas Cay at Count Two is:

    (a)    A term of imprisonment of not more than 10 years;

    (b)    A fine of not more than $250,000;

    (c)    A term of supervised release of not more than 3 years; and

    (d)    A special assessment under 18 U.S.C. § 3013 of $100.

3. Pursuant to Rule 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case at each of Counts One and Two is a term of imprisonment of 51 months (to run concurrently), a fine, if any, in an amount to be determined by the Court, a term of supervised release of 3 years (to run concurrently), and a total special assessment of $200.

   Consistent with Rule 11(c)(1)(C), the Court may accept the plea agreement, reject the plea agreement, or defer a decision until it reviews the presentence report. If the Court rejects the plea agreement, consistent with Rule 11(c)(5), the defendant will have the opportunity to withdraw the defendant's guilty plea.

   Defendant agrees that the defendant will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

4. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Luis Rojas Cay acknowledges that the willful failure to pay any fine may subject the defendant to additional criminal and civil penalties under 18 U.S.C. § 3611 et seq.

5. This agreement does not preclude the government from pursuing any civil or administrative remedies against Luis Rojas Cay or the defendant's property.

6. If, at any time after this plea agreement is signed and prior to sentencing, the defendant (i) commits any additional federal, state, or local offense; or (ii) breaches any term of this plea agreement, the United States may at its discretion be released from its obligations under this agreement and the defendant's guilty plea, if already entered, will stand. In that event, the

Page 5

>United States will be entitled to seek a sentence other than agreed-upon, reinstate previously dismissed or reduced charges and/or pursue additional charges against the defendant. The defendant waives any claim of double jeopardy, statute of limitations, speedy trial, or similar objections to any count reinstated.
>
>Any alleged breach of this plea agreement shall be determined by agreement of the parties or by the Court. A breach of this plea agreement shall be established by a preponderance of the evidence.

7. Pursuant to the Standing Order of the United States District Court dated May 31, 2017, all plea letters shall include a sealed Supplement. The sealed Supplement to this plea letter is part of the agreement between the parties hereto.

This letter sets forth the full and complete terms and conditions of the agreement between Luis Rojas Cay and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*/s/ Troy Rivetti*
TROY RIVETTI
United States Attorney

*/s/ N. Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant United States Attorney

Page 6

I have received this letter from my attorney, Jake D. Morrison, Esquire, have read it and discussed it with him, and I understand the terms of the Agreement. I hereby voluntarily accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
LUIS ROJAS CAY

3/5/2026
_____
Date

Witnessed by:

_____
JAKE D. MORRISON, ESQUIRE
Counsel for Luis Rojas Cay